IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


STATE FARM LIFE INSURANCE CO.,

       Plaintiff,

v.                                            Case No. 19-1225-JWB

KATHRYN JONES and KERRY WEBER,

       Defendants.


## MEMORANDUM AND ORDER

This is an interpleader action brought pursuant to 28 U.S.C. § 1335. On November 22, 2019, this court entered a show cause order regarding subject matter jurisdiction. Plaintiff State Farm Life Insurance Company ("State Farm") filed a response to this court's order (Doc. 16). Because State Farm's response does not identify how this court has subject matter jurisdiction over this action, it is DISMISSED.

Section 1335 states that this court has subject matter jurisdiction over the matter if 1) the amount in controversy is $ 500 or more; 2) there are two or more adverse claimants, of diverse citizenship, who are claiming or may claim entitlement to the funds; and 3) the plaintiff "has deposited such money or property…. into the registry of the court." 28 U.S.C. § 1335.

With respect to the first requirement, this is met as the funds are more than $500. The second and third requirements, however, are not met. State Farm has now moved to deposit the funds. (Doc. 17.) State Farm's motion to deposit, however, also seeks an order dismissing it from this action even though State Farm has recognized that this action lacks diverse claimants. As to the second requirement, the individual claimants are not diverse as they are Kansas citizens. State

1

Farm has also named the Estate. However, an estate cannot be sued under Kansas law and can only be sued through its personal representative or administrator. *Vorhees v. Baltazar*, 283 Kan. 389, 395, 153 P.3d 1227, 1232 (2007) ("Under Kansas law, absent an administrator or an executor, an estate lacks the ability to sue or be sued."); *Kastner v. Intrust Bank*, No. 10-1012-EFM, 2010 WL 4721215, at *7 (D. Kan. Nov. 15, 2010), *aff'd*, 569 F. App'x 593 (10th Cir. 2014); *see also* Fed. R. Civ. P. 17(b)(3) (capacity to be sued by a party other than an individual or a corporation is determined under the state law where the court is located).

No estate was opened prior to the filing of this action. (Doc. 16.) State Farm asserts that it has undertaken to open an estate and get a representative named but that the probate court in Oklahoma has not yet had a hearing on the matter. (Doc. 16 at 2.) State Farm essentially asks this court to find that there is subject matter jurisdiction because at some point in time an estate will be opened and a representative named. Then, presumably, the complaint would be amended to add that individual and then that individual would be served.[1] State Farm, however, cites no authority for the proposition that a non-existent entity at the time of filing, which cannot be sued under Kansas law, can provide this court with subject matter jurisdiction once a defect in subject matter jurisdiction is raised. "It has long been the case that 'the jurisdiction of the court depends upon the state of things at the time of the action brought.'" *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004) (citations omitted).

Because the Estate is not a proper party without an administrator and an estate was not in existence at the time of filing, there are not two adverse claimants who are of diverse citizenship. *Knox v. Am. Gen. Life & Acc. Ins. Co.*, No. 103CV0029SEBVSS, 2003 WL 22056301, at *4 (S.D. Ind. Aug. 28, 2003) (granting a motion to remand when the allegations did not support a finding

---

[1] The probate court filing attached to State Farm's response seeks Kerry Weber to be named as the representative. (Doc. 16, Exh. 1.)

that an estate had been opened and the remaining claimants were all Missouri citizens). As such, this court does not have subject matter jurisdiction under 28 U.S.C. § 1335. *See id.*, 2003 WL 22056301, at *6. State Farm is free to file this action in state court or refile this action upon the naming of a representative.

This action is DISMISSED, without prejudice. The pending motions (Docs. 12, 17) are DENIED AS MOOT.

IT IS SO ORDERED this 3rd day of January 2020.

_____ s/ John W. Broomes _____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE